J-S29011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                                        :              PENNSYLVANIA
                                                        :
                          v.                            :
                                                        :
                                                        :
LARRY D. CLEMENS                           :
                                                        :
                      Appellant                    :        No. 2540 EDA 2019

Appeal from the PCRA Order Entered July 24, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0011993-2014

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    Filed: September 10, 2020

Larry Clemens appeals, *pro se*, from the order of July 24, 2019, which dismissed, without a hearing, his first petition brought under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Clemens seeks relief from an aggregate term of life imprisonment, imposed on June 11, 2015, after a jury convicted him of first-degree murder and possession of an instrument of crime ("PIC")[1] in the stabbing death of Robert Brokenbrough. On appeal, he challenges the PCRA court's rejection of his ineffective assistance of counsel claim. Based on the following, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(a) and 907.

A panel of this Court previously set forth the underlying factual history on direct appeal as follows:

> [Clemens] resided with his aunt, Ester Thomas ("Aunt"), and cousin, Rose Thomas ("Cousin"). On the evening of October 2, 2014, Cousin was on the phone with Robert Brokenbrough ("Victim"). At that time, Aunt and [Clemens] began to argue. Victim later told Cousin that he may stop by her residence.
>
> Approximately 30 minutes later, Cousin heard an argument downstairs. [Clemens] came upstairs and informed her that he had hurt Victim "pretty bad." When police arrived, they located Victim in the kitchen. He suffered 17 stab wounds, including large stab wounds to the head and neck. Victim died as a result of those stab wounds.
>
> [Clemens] told police at the crime scene that a man named Malik stabbed Victim. When police searched [Clemens]'s bedroom, they located two knives. Both [Clemens]'s and Victim's blood were found on the two knives. At trial, [Clemens] testified that Victim attacked him and that he stabbed Victim in self-defense.

**Commonwealth v. Clemens**, No. 2415 EDA 2015, at *1-2 (Pa. Super., filed September 9, 2016) (unpublished memorandum), *appeal denied*, No. 454 EAL 2016 (Pa., decided February 15, 2017).

Clemens was charged with multiple offenses related to the incident, and the matter proceeded to trial. On June 11, 2015, a jury convicted him of first-degree murder and PIC. That same day, the trial court sentenced Clemens to mandatory life imprisonment without the possibility of parole for the first-degree murder conviction, and a concurrent term of two-and-one-half to five years' incarceration for PIC. Clemens filed post-sentence motions, which the court denied on July 8, 2015.

A panel of this Court affirmed his judgment of sentence on September 9, 2016, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on February 15, 2017. ***See id.***

Clemens filed this, his first, *pro se*, PCRA petition on November 20, 2017. PCRA counsel was appointed, who subsequently filed a motion to withdraw and ***Turner***/***Finley***[2] "no merit" letter on May 28, 2019. On June 27, 2019, the PCRA court issued notice of its intent to dismiss the petition without conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Clemens filed a *pro se* response on July 16, 2019. The PCRA court dismissed Clemens' petition and permitted counsel to withdraw on July 24, 2019. This *pro se* appeal followed.[3]

Preliminarily, we note Clemens' argument in his *pro se,* handwritten brief is difficult to follow and mostly incomprehensible. ***See*** Appellant's Brief at unnumbered 1-5. Additionally, Clemens' brief is defective in that it fails to comply with nearly every requirement of Pennsylvania Rule of Appellate Procedure 2111(a)(1)-(12). For example, it does not include, *inter alia*, a statement of jurisdiction, a statement of both the scope of review and

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] The PCRA court directed Clemens to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on September 12, 2019. Clemens complied with the order by filing a statement, filed September 20, 2019. Thereafter, the PCRA court issued a Pa.R.A.P. 1925(a) opinion on October 17, 2019.

standard of review, a statement of questions involved, and a summary of argument. His argument also lacks any reference to the record or citation to authorities. ***See*** Pa.R.A.P. 2119(b)-(c).

"[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003) (citations omitted). "[A]ny layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." ***Commonwealth v. Gray***, 608 A.2d 534, 550 (Pa. Super. 1992) (citation omitted). As such, we cannot serve as Clemens' counsel and litigate his claims for him.

In his sole argument, Clemens purports to claim trial counsel was ineffective for failing to raise a purported self-defense argument. ***See*** Appellant's Brief, at unnumbered 3 (merely stating counsel "removed the motive from the case" that he had to kill the victim in self-defense).

Our standard of review with regard to PCRA petitions is well settled. "When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." ***Commonwealth v. Smith***, 181 A.3d 1168, 1174 (Pa. Super. 2018) (citation omitted). While we are generally bound by a PCRA court's credibility determinations, we apply a *de novo* standard to our review of the court's legal conclusions. ***See id.***

Upon review, Clemens fails to present a coherent legal argument on appeal. He does not even address the three prongs of the ineffective assistance of counsel test. *See Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013) (stating appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.). Therefore, we find this argument waived. *See* Pa.R.A.P. 2101, 2119. *See also Commonwealth v. Walter*, 966 A.2d 560, 567 (Pa. 2009) (finding waiver where argument was vague and confusing); *Commonwealth v. Puksar*, 951 A.2d 267, 293-294 (Pa. 2008) (holding that failure to make or develop argument was fatal to claim of ineffective assistance of counsel).[4]

Accordingly, we conclude the PCRA court did not err in denying his petition.

Order affirmed.

_____

[4] Furthermore, it merits mention that Clemens testified at trial about the victim's purported motive to kill him and that he acted in self-defense when he killed the victim. *See* N.T., 6/10/2015, at 32-87. Likewise, in one of his issues on direct appeal, Clemens alleged there was insufficient evidence to support his murder conviction because the Commonwealth did not prove beyond a reasonable doubt that he did not reasonably believe that deadly force was necessary to protect himself or another from death or great bodily harm. *See Clemens*, No. 2415 EDA 2015, at *4 (Pa. Super., filed September 9, 2016) (unpublished memorandum). The panel concluded the evidence established that Clemens was the aggressor and he did not act in self-defense. *Id.* Accordingly, because the premise underlying Clemens' claim is belied by the record, his argument would warrant no relief. *See Commonwealth v. Wholaver*, 177 A.3d 136, 148 (Pa. 2018).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/10/20